# IN THE COURT OF APPEALS OF IOWA

No. 23-1349
Filed September 4, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EUGENE FREDERICK WUNSCHEL JR.,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Sac County, Adria Kester, Judge.

    A defendant asks for resentencing before a different district court judge.

**AFFIRMED.**

    Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

    Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

    Considered by Tabor, C.J., and Greer and Schumacher, JJ.

**TABOR, Chief Judge.**

Eugene Frederick Wunschel Jr. (Fred) and his brother John Wunschel entered *Alford* pleas[1] to lascivious acts with the same child. In both plea deals, the State agreed to make no sentencing recommendation. The district court set back-to-back hearings for the brothers. At John's sentencing, the State presented evidence from the victim's custodian detailing the child's struggles since the molestation—possibly breaching its agreement to stand silent. At the start of Fred's hearing, his counsel asked the judge to recuse herself based on the prosecutor's conduct in John's case. The judge declined and sentenced Fred to an indeterminate ten-year prison term. Fred appeals, asking for resentencing before a different judge.

Because the record reveals no abuse of discretion by the court in refusing to recuse, we affirm.

## I.     Facts and Prior Proceedings

The victim told a child protection interviewer that Fred and John started having sexual contact with her when she was thirteen years old. After further investigation, the State pursued charges against both brothers.

In a trial information separate from his brother's case, the State charged Fred with two counts of sexual abuse in the third degree (in violation of Iowa Code section 709.4 (2021)) and one count of lascivious acts with a child (in violation of section 709.8(1)), all as second or subsequent offenses and all class "A" felonies. Fred accepted a plea offer from the State to the reduced charge of lascivious acts

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("[A]n express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty.").

with a child (in violation of Iowa Code section 709.8(1)(a), a class "C" felony). The agreement anticipated that he would enter an *Alford* plea. In return, the State agreed to dismiss the two other counts. The State also agreed to "remain silent" at sentencing as to all applicable discretionary terms and provisions. The court accepted the plea, finding it was knowing and voluntary and had a factual basis.

Fast forward to sentencing. At the beginning of the hearing, Fred's attorney made the following record:

> Out of an abundance of caution, Your Honor—and I don't do this lightly, Judge—I feel like I'm compelled to move the court to recuse itself from my client's sentencing. While the defendants were not charged together, their facts and circumstances did intertwine. They are involving the same victim. Their plea offers and sentencing recommendations mirror each other. And as such, Your Honor, pursuant to our plea agreement, the State is to stand silent, which I expect the State will do related to any recommendations. I also believe that that means the presentation of evidence.

Counsel explained that he attended John's hearing, at which the victim gave an impact statement—as allowed under the code. But then "the current custodian presented a rendition of what has happened since." Counsel asserted that the custodian's statement violated the State's promise to stand silent at sentencing.

> [E]ven if that statement doesn't occur in our proceeding, I feel the need to ask the Court for that recusal. Because under Iowa caselaw, when there's a violation of the plea agreement related to standing silent at sentencing, it is incumbent upon the defense attorney to bring that to the court's attention and then ask for sentencing in front of a different judge. I believe the same would apply here, Your Honor, because we have the same victim and similar circumstances.

Counsel argued that it was impossible to "un-ring the bell related to the statement made by the current custodian as to everything that this young lady has endured since this time, which I'm not making light of in any way, shape, or form, and would

certainly apply similarly to my client in the court's consideration." So defense counsel asked that Fred be sentenced in front of a different judge.

When the court asked for clarification, defense counsel acknowledged that he was not alleging a violation of the plea agreement in Fred's case. From there, the court rejected the call for recusal,

> The facts of this case are such that no violation of the plea agreement has been alleged by this Defendant. The court routinely handles matters regarding the same victim in different cases and my job is to evaluate the information that's presented to me for each individual Defendant. I do not have blanket rules on how I sentence somebody.

After considering all the pertinent sentencing factors, including the nature of the offense and the harm to the victim, the court imposed a prison term not to exceed ten years. Fred appeals.[2]

## II.     Scope and Standard of Review

We review a district court's refusal to recuse for an abuse of discretion. *State v. Trane*, 984 N.W.2d 429, 433 (Iowa 2023). We reverse only if the court rests its decision on untenable grounds or acts unreasonably. *Id.* at 434.

Judges must disqualify themselves from any proceeding in which their impartiality might reasonably be questioned. Iowa Code of Judicial Conduct R. 51:2.11(A); *see also* Iowa Code § 602.1606(1)(a) ("A judicial officer is disqualified from acting in a proceeding . . . if . . . [she] has a personal bias or prejudice concerning a party.").[3] The test is objective: would a reasonable person

---

[2] Because Fred challenges the sentencing procedure, rather than the plea itself, we find good cause to hear his appeal. *See State v. Patten,* 981 N.W.2d 126, 130 (Iowa 2022).

[3] Recusal and disqualification are interchangeable terms. Iowa Code of Judicial Conduct R. 51:2.11 cmt. 1.

knowing the facts doubt the judge's impartiality? *State v. Mann*, 512 N.W.2d 528, 532 (Iowa 1994). Impartiality means the lack of bias or prejudice for or against a party and the commitment to keeping an open mind on issues before the court. Iowa Code of Judicial Conduct, Terminology. The party seeking recusal must show that the judge's "alleged bias and prejudice . . . stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Carter v. Carter*, 957 N.W.2d 623, 644 (Iowa 2021) (quoting *State v. Bear*, 452 N.W.2d 430, 435 (Iowa 1990)).

### III. Analysis

Fred contends that because the State "breached the plea agreement" at his brother's sentencing hearing, his own sentencing hearing should have been rescheduled before a different judge. Fred recognizes that the breach did not occur in his case. But he emphasizes that the two cases "involved the same prosecutor, the same judge, the same victim, and interrelated underlying facts." We reject Fred's contention for two reasons.

First, John's sentencing is not part of our record. *See* Iowa R. App. P. 6.801 (defining composition of record on appeal); *State v. Washington*, 832 N.W.2d 650, 655–56 (Iowa 2013) (noting limited authority of appellate courts to take judicial notice of court records in different proceedings without the agreement of both parties). All we have is trial counsel's argument that the State violated the plea agreement in that related case by failing to stand silent and offering a statement from the child's custodian. On appeal, Fred argues that the prosecution "did not deny that it had breached the plea agreement in the other case." But neither did the prosecution concede a violation. Instead, the prosecutor argued that the

sentencing court was "capable of not considering evidence if it is, in fact, evidence and not a presentation of a victim impact statement."

True, the accused is denied the benefit of his bargain when the prosecutor expresses material reservations about the agreed-to recommendation. *See Patten*, 981 N.W.2d at 133−34. But it's not clear that is what happened in John's case. Fred's counsel observed that the prosecutor presented information about the victim's situation despite agreeing to take no position on John's sentence. Yet that presentation did not automatically breach their plea agreement. We do not equate standing silent on sentencing recommendations with "offer[ing] no information of any kind at sentencing." *State v. Smith*, No. 04-0241, 2004 WL 2296708, at *1 (Iowa Ct. App. Oct. 14, 2004).

And second, even if we assume the State breached the plea agreement in John's case, Fred cannot show the district court abused its discretion in refusing to recuse so that he could be sentenced by a different judge. When we dissect Fred's claim, we find an amalgam of recusal and reassignment theories. "Although the line can grow fuzzy in individual cases, there are a number of important differences between recusal and reassignment." Toby J. Heytens, *Reassignment*, 66 Stan. L. Rev. 1, 8 (2014) [hereinafter Heytens]. On the one hand, "the whole point of the recusal statutes is that certain judges should not be deciding certain cases in the first place." *Id.* at 10. When trial judges do not recuse from cases when their impartiality might reasonably be questioned, an appellate court may set aside their decisions to remedy that failure to recuse. *Id.* A recusal "decision is inherently backward looking: the trial court judge is removed to remedy the failure to recuse that occurred in the past." *Id.*

On the other hand, in reassignment cases, "the error that triggers appellate reversal is not the trial court judge's failure to remove herself from the case." *Id.* Instead, it is a non-recusal-related error—such as the prosecutor reneging on a plea agreement—that prompts the appellate court to assign the case to a different judge on remand. *See State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015) (reiterating that remedy for State's breach of a plea agreement is resentencing by a different judge with the prosecutor obligated to honor the plea agreement and sentencing recommendation). Appellate courts "intend no criticism" of the trial court by this action. *Id.* (citation omitted). Rather, "reassignment is inherently forward looking: the original trial court judge is removed not to remedy some past error, but rather to reduce the risk of undesirable consequences going forward." Heytens, at 10.

Fred essentially contends the district court should have done its own appellate review by reassigning his case to a different sentencing judge after the prosecution allegedly breached its plea agreement in John's case. But the question before the district court was recusal not reassignment. And this record does not show that the district court harbored any bias toward Fred stemming from an extrajudicial source. *See State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976) (explaining that "evidence presented in the trial of a prior cause" is not considered extrajudicial). We find no abuse of discretion in the sentencing court's denial of the motion to recuse.

**AFFIRMED.**